GRIDER, Respondent, v. DENT, Appellant.

1. In a suit by a father for the seduction of his daughter, the defendant will not be permitted to prove that the plaintiff had cast imputations upon the virtue of his own mother by giving evidence in a former judicial proceeding that she had had an illegitimate child before her marriage with plaintiff's father.

*Appeal from St. François Circuit Court.*

This was an action brought by Thomas Grider against Cyrus Dent, to recover compensation for the seduction by defendant of Susan Grider, daughter of plaintiff.    There was a verdict for plaintiff, and the damages were assessed at the sum of $2000, and judgment given for that sum.

During the progress of the trial, the defendant offered to prove that the plaintiff, Thomas Grider, in defence of a petition for a partition of the slaves and real estate belonging to the estate of Christopher Grider, deceased, (father of plaintiff in this suit,) had offered testimony to prove that Polly Cartee, one of the petitioners in the partition suit, was not a daughter of Christopher Grider, deceased, but an illegitimate daughter of the wife of said Christopher, (the mother of Thomas Grider, plaintiff,) born before her marriage with the said Christopher, and before her acquaintance with him.    The court refused to permit such testimony to be given to the jury ; and one of the errors assigned is this refusal ; another is, that the damages are excessive.

*Frissell*, for appellant.    1. The action is founded upon the pretence that the father has lost the services of his daughter in consequence of the wrongful act of the seducer ; but the gist of the action is the disgrace and anguish the father and family are supposed to suffer on account of the act of his child and her seducer.    If the father is not disgraced, if his precedent acts show that he has suffered little or no anguish on account of the subject of the suit, why may not his actions, which show the estimation he holds the reputation of his own mother for virtue, be given in evidence in mitigation of damages ?    The evidence offered and excluded would, at all events, tend to prove that, for the sake of excluding one of the heirs of his father's estate from her distributive share, he was willing to bring up a transaction half a century old, to the disgrace of the memory of his mother, and which was unknown or forgotten by the present generation.    After such an act on his part, he could hardly be

supposed to have been disgraced by the false step of his daughter, nor could he reasonably be supposed to suffer much anguish of mind. (See 2 Greenl. Ev. 476.)

*D. E. Perryman*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

The only question here is, as to the ruling of the court below in refusing to permit the defendant to prove that the plaintiff had previously, in a judicial proceeding, given evidence that his own mother had given birth to a child before her marriage. The Circuit Court would not permit the proof to be given by defendant, and he brings the case here upon this point; for there is nothing else in the record calling for our attention.

We are inclined to the opinion that this evidence was properly rejected. We can not assent to the proposition that proof of any one act by the parent, totally disconnected with the matter before the jury, however indicative it may be of want of proper moral and natural feeling, can lawfully be given to the jury. This evidence was not in relation to the daughter, nor the character or conduct of the daughter. It bore no relation towards the father's conduct in respect to his daughter; it was totally foreign to the matter in controversy. True, *it* did have a tendency to show the father devoid of natural feelings, of filial affection—and to convict him of a revolting disregard of the reputation of his own mother, of his own brothers and sisters. But, though the father may have acted like a man void of natural sensibility in one transaction, yet there may be those in his family keenly alive to the best and kindest impulses of our nature and upon whom the blow may have fallen with crushing weight. No; as it would not have been competent for the father to show how much he did feel for his child—how much he suffered—what were the miseries of his own dwelling, in order to increase the damages, *it* should not be proved against him that once upon a time he showed a want of heart.

The case of Dodd v. Morris, (3 Camp. 519,) does not support the doctrine contended for by Greenleaf in his work on the

law of evidence. (2 vol. p. 476, § 579.) Lord Ellenborough would not suffer the plaintiff's counsel to introduce evidence as to the character of the plaintiff's daughter, who had been seduced. He observed that " the law considered this an action of trespass for assaulting the daughter, whereby the parent lost her service; and, although by some anomaly, when the loss of service was established, a further compensation was allowed for the injury to the parental feelings, it was necessary to watch that this anomaly should not be carried farther, and that the original scope of the action should not be entirely lost sight of." There is nothing about " proof of profligate principles and dissolute habits of plaintiff himself" in the whole case. In Magrath, widow, v. Browne, (Armstrong, McCartney & Ogle's Rep. 134,) Brady, C. B., suffered the question, " Have you had an opportunity of observing the conduct of the plaintiff and her daughter, and if so, have you ever known them to be guilty of any impropriety of conduct?" to be put to a witness, a lady with whom the plaintiff and her daughter had lodged, and to be answered by the witness, after serious objection and argument. Here, the question was to elicit testimony in relation to matters bearing on the subject before the jury — not character, but conduct, and conduct, too, kindred to the matters before the jury.

Upon the best reflection bestowed upon this case in our power, we come to the conclusion that the evidence below was properly rejected. Let the judgment be affirmed, with the concurrence of Judge Leonard.